IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Rachelle Kizzia and Jamie Kizzia, <br><br> Plaintiffs, <br><br> v. <br><br> Electrolux North America, Inc., <br><br> Defendant. | Case No. 10-CIV-248-RAW |

**ORDER**

Before the court is Plaintiffs' Motion to Add Expert Witness [Docket No. 79], filed on January 20, 2012. Plaintiffs request leave to add Dr. Robert Durham as an expert in this action, and extend deadlines relating to the addition of the expert. Plaintiffs' motion indicates that Dr. Robert Durham was hired as an expert in an Illinois lawsuit in June 2011. Dr. Robert Durham performed testing in September 2011 as to the cause of failures of relays and compressors. Defendant objects to the motion, arguing that the motion is out of time, that Plaintiffs seek to offer a new opinion that is not supplemental, and that the request is neither harmless nor justified.

On April 5, 2011, the court entered its Third Amended Scheduling Order in this case. That order set a discovery deadline of June 17, 2011 and a deadline of June 24, 2011 for motions in limine and Daubert motions.

The district court has broad discretion to determine whether a Rule 26 violation is justified or harmless. See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170

F.3d 985, *993 (10th Cir. (N.M.), 1999).  The court in  Woodworker provided four factors to consider in determining whether a violation is justified or harmless:

> (1) the prejudice or surprise to the party against whom the testimony is offered;
>
> (2) the ability of the party to cure the prejudice;
>
> (3) the extent to which introducing such testimony would disrupt the trial; and
>
> (4) the moving party's bad faith or willfulness.

Id., at *993.

Further, the court has reviewed the case of Hayes v. Smithkline Beecham Corp., 2009 WL 3415210 (N.D.Okla.), which states:

> The Federal Rules of Civil Procedure require an expert witness to prepare a report "containing a complete statement of all opinions to be expressed." Fed.R.Civ.P. 26(a)(2)(B). A party's failure to do so results in the exclusion of any opinions not properly disclosed, unless the party's failure is harmless or substantially justified. *See* Fed.R.Civ.P. 37(c)(1); *Keach v. United States Trust Co.,* 419 F.3d 626, 641 (7th Cir.2005). In this regard, "a supplemental expert report that states additional opinions or rationales or seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c)." *Cook v. Rockwell Corp.,* 580 F.Supp.2d 1071, 1170 (D.Colo.2006). "To rule otherwise would create a system where preliminary [expert] reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given." *Id.* (citing *Beller v. United States,* 221 F.R.D. 689, 695 (D.N.M.2003)). "This result would be the antithesis of the full expert disclosure requirements stated in

> Rule 26(a)." *Id.* In addition, permitting late supplementation of expert reports may have the effect of denying the opposing party the opportunity to file a meaningful Daubert motion as to questionable expert testimony. *See Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Public Schools,* 455 F.Supp.2d 1286, 1299 (D.N.M.2006).

Hayes v. Smithkline Beecham Corp., 2009 WL 3415210, *1 (N.D.Okla.).

Based on the above authority, the court finds that the requested relief is neither justified or harmless. Plaintiffs' Motion to Add Expert Witness [Docket No. 79] is DENIED.

Dated this 17th day of February, 2012.

**Dated this 17th day of February, 2012.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma